McCAUSLAND *v.* THE STEAM-PROPELLER ·DELAWARE.

*(District Court, S. D. New York. ——, 1880.)*

1. COLLISION—CANAL—GREEN LIGHT.—The rules of the Delaware & Raritan Canal require canal-boats in motion to carry a small green light over the stem. *Held,* that a globe lantern, with a piece of green glass inserted on the outside between the glass of the lantern and the wire fender, of an oval shape, about four and a half inches long up and down, and three and a half inches wide in the center, and so arranged, with reference to the flame, that the green rays extended 40 degrees on each side of the line on which the boat was moving, was a small green light within the rule.

*Thos. M. Wheeler,* for libellant.

*S. B. Ransom,* for claimant.

CHOATE, D. J. This is a suit to recover damages sustained by the canal-boat S. Craig in a collision with the steam-pro-

peller Delaware, on the Delaware and Raritan canal, near Kingston lock, on the night of the seventeenth of April, 1879. The canal-boat sighted the steamer, which was approaching her in the opposite direction, and drew in close to the tow-path side of the canal, as the usages of the canal required; but the steamer struck her on the bow, within a foot of the stem, having also drawn in close to the tow-path side, in order to pass between the canal-boat and that side of the canal. The excuse made by the steamer is that the canal-boat did not have above her stem a green light, as the rules and usages of the canal require of a boat in motion, and that she had a white light, which misled the steamer, and led her pilot to believe that the canal-boat was laid up against the opposite side of the canal.

The testimony is that the night was very dark and stormy; and if, in fact, the canal-boat had carried a white light, there might be ground for this defence, since it was so dark that nothing could be seen at any considerable distance except lights. On the part of the canal-boat the testimony tends to show that she carried a globe lantern, with a piece of green glass inserted on the outside between the glass of the lantern and the wire fender, of an oval shape, about four and a half inches long, up and down, and three and a half inches wide in the center, and so arranged, with reference to the flame, that the green rays extended 40 degrees on each side of the line on which the boat was moving. The theory of the defence is either that before the collision this green glass got displaced by the wind, or the lantern was so swayed by the wind that the light cast forward as the steamer approached was in fact a white light, or that the illumination of those parts of the lantern outside of the green glass was such as, at a distance, to give the light the effect of a white light, even to a person within the range of the green rays. Upon all these points, however, the preponderance of evidence is with the libellant. It is very satisfactorily shown that the green glass was in place; that the lantern was so hung against the samson's-post that it could not turn with the wind; that, in fact, it threw a distinct and bright green light forward upon

that part of the canal on which the steamer was approaching. The canal is not straight at the place of the collision, but there is no such bend in it as to warrant the conclusion that the steamer was outside of the field of green rays. Experiments with the lantern, which was produced in court, have satisfied me that the green rays are not obscured by the illumination of the other parts of the lantern, as claimed for the defence. The only rational explanation of the collision is that the pilot of the steamer, either from defective vision or inattention, mistook the light for a white light, and concluded that this was one of a line of boats, of which there were several along that part of the canal, showing white lights and drawn up against the berme bank. This mistake as to her position, if he mistook the color of the light, was quite possible on account of the bend in the canal. That he was inattentive to the color of the light appears, I think, from his own testimony; for, whatever may be the effect of this kind of a green light at a distance, he never discovered that it was a green light when close in front of it, where it was most unmistakably green. And the testimony of the man with him in the pilot house also shows that he took no careful observation of the light.

The attempt to prove by the pilot of a steamer that passed the canal-boat before the collision that the light was not green failed. It is not at all clear that the boat the pilot of this other steamer saw was the S. Craig; and if it was this boat, the evidence tending to show that her light was green is too strong to be overcome by his testimony. The rules of the canal require canal-boats in motion to carry a small green light over the stem. The light carried by the S. Craig was a small green light, within the rule. No question is raised as to the jurisdiction of the court.

Decree for libellant, with costs, and reference to compute damages.